IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Kimberly C. Roberson, ) | |
| ) | Civil Action No. 0:15-cv-3486-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Nancy A. Berryhill, Acting Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The plaintiff, Kimberly C. Roberson ("Roberson"), brought this action pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"),[1] denying her claim for Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before this court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court affirm the Commissioner's decision. (ECF No. 15).[2] In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. Roberson filed objections to the Report (ECF No. 17), and the Commissioner responded to those objections (ECF No. 21). Accordingly, this matter is now ripe for review.

---

[1] Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration on January 27, 2017. Pursuant to Fed.R.Civ.P.25(d), Berryhill should be substituted for Carolyn W. Colvin as the defendant in this action.
[2] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

## BACKGROUND

Roberson applied for DIB in January 2012, alleging disability beginning on June 17, 2011. Roberson's application was denied initially and on reconsideration. On December 19, 2013, an Administrative Law Judge ("ALJ") heard testimony from Roberson and a vocational expert. On March 30, 2014, the ALJ issued a decision denying Roberson's claim.

In his decision, the ALJ found that Roberson suffered from the following severe impairments: degenerative joint disease of the lumbar spine, diabetes mellitus, obesity, and gastrointestinal conditions, including irritable bowel syndrome ("IBS") and ulcerative colitis. (ECF No. 5-2 at 14). The ALJ found that, despite Roberson's limitations, she could perform past relevant work as a bookkeeper and as an office clerk, as this work did not require the performance of work-related activities precluded by Roberson's residual functional capacity. (ECF No. 5-2 at 45). Roberson sought review of her case by the Appeals Council. The Appeals Council denied Roberson's request for review, making the ALJ's decision the final decision of the Commissioner. This action followed.

## STANDARD OF REVIEW

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations,

or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## DISCUSSION

In her objections, Roberson contends that the magistrate judge erred by finding the weight that ALJ assigned to the treating physicians' opinions was supported by substantial evidence.

First, Roberson alleges that the ALJ erroneously discounted the opinion of Dr. Krishniah, Roberson's primary treating physician, because he is not a specialist in the medical areas at issue. The regulation cited by Roberson states that "generally . . . more weight [is given] to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." 20 C.F.R. § 404.1527(c)(5).[3] The ALJ did not state that Dr. Krishniah's opinion was given less consideration because he was not a specialist. Rather, the ALJ considered Dr. Krishniah's analysis in detail and attributed limited weight to it due to the fact that Dr. Krishniah's opinions were not supported by Roberson's subjective remarks and daily activities; Roberson's hospital records; some of Dr. Rickoff's records; and Dr. Krishniah's treatment notes, including his examinations and diagnostic tests. (ECF No. 5-2 at

---

[3] Mistakenly cited as 20 C.F.R. § 404.1527(a)(5) in Roberson's objections. (ECF No. 17 at 1). The provision is silent regarding the weighing of non-specialist's opinions. *See* 20 C.F.R. § 404.1527(c)(5).

3

34–38).

The ALJ examined, discussed and referenced each of the four questionnaires completed by Dr. Krishniah. (ECF 5-2 at 31–33). In weighing this evidence, the ALJ addressed the relevant factors, observing that Dr. Krishniah was a treating physician, and the relationship consisted of multiple office visits and examinations extending over at least two and a half years. *Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005) (A treating physician's opinion is evaluated and weighed "pursuant to the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist."); *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001) ("'[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight.' Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." (quoting *Craig*, 76 F.3d at 590)). The ALJ detailed ways in which Dr. Krishniah's opinions were not supported by Roberson's subjective remarks and daily activities; Roberson's hospital records; some records of Dr. Rickoff; and Dr. Krishniah's own treatment notes. (ECF No. 5-2 at 34–38). The ALJ noted that, "Dr. Krishniah has offered several statements on the claimant's behalf that largely support her allegations," but found that "in many respects, Dr. Krishniah's statements underestimate the claimant's level of functioning," and, considering the record, gave his opinions limited weight. (ECF No. 5-2 at 33).

In his analysis, the ALJ observed that Dr. Krishniah is an internist, and thus "not necessarily an expert in the evaluation, diagnosis, and treatment of any of the claimant's alleged

impairments, including the gastrointestinal problems, mental conditions, diabetic conditions, fibromyalgia, or back problems." *Id*. However, the evidence does not suggest that this fact alone caused the ALJ to give Dr. Krishniah's opinion *less* weight, as opposed to merely pointing out why Dr. Krishniah's opinion was not entitled to *more* weight as a specialist's would be according to § 404.1527(c)(5). Judging the record as a whole, Roberson has failed to demonstrate that the ALJ's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard.

Second, Roberson alleges that the ALJ erroneously rejected the opinions of Dr. Rickoff, a treating physician. The ALJ attributed only slight weight to Dr. Rickoff's opinion because he found that Dr. Rickoff's opinion underestimated Roberson's level of functioning and that Roberson's subjective remarks, Rickoff's own treatment notes, Roberson's hospital records, and some of Dr. Krishniah's records did not support Dr. Rickoff's statements fully.

The inquiry before the court is whether the weight given to the opinions of Drs. Rickoff and Krishniah by the ALJ is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *see also Craig*, 76 F.3d at 589 (stating that the court does not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]"). Rather than making unsupported general statements, the ALJ examined Dr. Rickoff's opinion evidence in detail, actually stating that he gave it greater weight than Dr. Krishniah's regarding Roberson's gastrointestinal problems due to Dr. Rickoff's specialty as a gastroenterologist. (ECF No. 5-2 at 28–31). Further, the ALJ detailed the ways in which Roberson's subjective remarks, Roberson's hospital records, and some of Dr. Krishniah's records contradicted or did not fully support Dr. Rickoff's statements, causing the ALJ to give the opinion limited weight. *Id*. The court finds that the ALJ properly considered the opinions, and substantial evidence

supports the weight afforded to those opinions. *See Johnson*, 434 F.3d at 656 n.8 (stating that ALJ can give lesser weight to a treating physician's opinion when it conflicts with other medical evidence or when it represents a change in opinion without a change in diagnosis); *Stanley v. Barnhart*, 116 F. App'x 427, 429 (4th Cir. 2004) (disagreeing with the argument that the ALJ improperly gave more weight to residual functional capacity assessments of non-examining state agency physicians over those of examining physicians and finding that the ALJ properly considered evidence provided by those physicians in context of other medical and vocational evidence); *see also* 20 C.F.R. § 404.1527(e)(2)(i) (State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified . . . [and] are also experts in Social Security disability evaluation.  Therefore, administrative law judges must consider [their] findings and opinions as opinion evidence"). The magistrate judge properly found that Roberson failed to prove that the ALJ's decision was unsupported by substantial evidence. *See Celebrezze*, 331 F.2d at 545 (stating that the claimant has the burden of proof).

## CONCLUSION

After carefully reviewing the record, the court finds that the ALJ, in reviewing the medical history and subjective testimony, conducted a thorough and detailed review of Roberson's impairments, arguments, and functional capacity.  Likewise, the magistrate judge considered each of Roberson's arguments and properly addressed each in turn, finding them without merit.  The court finds no basis for disturbing the Report.  Accordingly, the court adopts the Report and its recommended disposition.  Therefore, for the reasons set out above and in the Report, the Commissioner's final decision is **AFFIRMED.**

**IT IS SO ORDERED.**

                                                s/Timothy M. Cain  
                                                United States District Judge

Anderson, South Carolina  
February 6, 2017